1

HONORABLE MARSHA J. PECHMAN

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10    WISTRON CORPORATION, a Taiwan
corporation,

11                                      Plaintiff,

12        v.

13    SAMSUNG ELECTRONICS CO., LTD., a
Republic of Korea corporation; SAMSUNG
14    ELECTRONICS AMERICA, INC., a New York
corporation;  and SAMSUNG
15    TELECOMMUNICATIONS AMERICA, LLC,
a Delaware limited liability company;

16
                                      Defendants.
17

**Case No. 2:08-CV-1373-MJP**

**FIRST AMENDED COMPLAINT FOR
INFRINGEMENT U.S. PATENT NOS.
5,410,713; 5,870,613; 5,903,765; AND
5,450,079**

**JURY TRIAL DEMANDED**

18

19        Plaintiff WISTRON CORPORATION ("Wistron") complains of Defendants

20    SAMSUNG ELECTRONICS CO., LTD. ("SEC"), SAMSUNG ELECTRONICS AMERICA,

21    INC. ("SEA"), and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC ("STA")

22    (collectively, "Defendants") and by this First Amended Complaint alleges as follows.

                                   **PARTIES**
23

24        1.        Wistron is a corporation organized in 2001, and existing under the laws of

25    Taiwan, with its principle place of business in Hsichih, Taiwan.  Wistron is an Original

26    Design Manufacturing ("ODM") company that designs, develops and manufactures electronic

FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF
U.S. PATENT NOS.5,410,713; 5,870,613;  5,903,765;
AND 5,450,079

Case  No. 2:08-CV-1373-MJP
K:\1156441\00012\20950_MRL\20950P20SS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

products for customers to sell under their own brand name including companies such as Microsoft, Hewlett Packard, Dell and Lenovo. As a result, Wistron is a leading manufacturer of personal computers including stand alone PCs, laptops, notebooks and other computing devices, including computing devices that are sold throughout the United States, including this district.

2.    SEC is a corporation organized and existing under the laws of the Republic of Korea, with its principle place of business at 250 2-ga Taepyong-ro, Jung-gu, Seoul, 100-742, South Korea. SEC is a member of the multinational conglomerate Samsung Group, which manufactures and sells electronic products including cell phones, video playback equipment such as VCRs and DVD players, set top boxes and computers. In 2007, SEC boasted sales revenues of nearly $100 billion, with a net income in excess of $7.4 billion.

3.    SEA is a New York corporation with its principal place of business at 105 Challenger Park Road, Ridgefield Park, New Jersey 07660. On information and belief, SEA was formed in 1977 as a subsidiary of SEC, and markets, sells, or offers for sale a variety of consumer electronics products including video playback equipment, TVs, set top boxes and all manner of computer components and peripherals. On information and belief, SEA manages the operations of STA.

4.    STA is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75091. On information and belief, STA was founded in 1996 as a subsidiary of SEC, and markets, sells, or offers for sale a variety of personal and business communications devices in the United States, including cell phones.

**JURISDICTION**

5.    This is an action for patent infringement, over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF
U.S. PATENT NOS.5,410,713; 5,870,613; 5,903,765;
AND 5,450,079

Case No. 2:08-CV-1373-MJP
K:\1156441\00012\20950_MRL\20950P20SS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

6.    This Court has personal jurisdiction over each of the Defendants consistent with the requirements of RCW § 4.28.185 in that each of the Defendants either directly or through their respective agents conduct business in this district by means of product sales, advertising on television and via the internet.  In addition to the foregoing general allegations, all or substantially all of the accused products and technologies identified herein are sold, offered for sale or otherwise made available by Defendants here in Washington in general, and in this district in particular.

## VENUE

7.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and (d), and 1400(b).  By selling and offering for sale the Wistron Accused Products (as defined below), Defendants have committed acts of infringement in this district.  Defendant SEC operates in the United States through one or more of its subsidiaries, including the other Defendants named above.  Further, as an alien, SEC may be sued in any district.  The remaining Defendants all reside in this district within the meaning 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL BACKGROUND

8.    Wistron is a co-owner of all right, title and interest in the following United States Patents (collectively the "Wistron A Patents"), and is the owner of the sole and exclusive right to bring suit with respect to any past, present and future infringement thereof:

   a.   U.S. Patent No. 5,410,713 entitled "Power-Management System for a Computer," was duly and legally issued on April 25, 1995, from patent application Serial No. 07/816,108 filed on January 2, 1992, with Dave White, Yen W Lee, Rod Ang, Ray Barbieri, James Chen and Suh C. Lee as the named inventors (the "'713 patent").  Among other things, the '713 patent discloses

FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF
U.S. PATENT NOS.5,410,713; 5,870,613;  5,903,765;
AND 5,450,079

Case No. 2:08-CV-1373-MJP
K:\1156441\00012\20950_MRL\20950P20SS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

power management systems and methods for computers. A true and correct copy of the '713 patent is attached hereto as Exhibit 1.

b. U.S. Patent No. 5,870,613 entitled "Power Management System for a Computer," was duly and legally issued on February 9, 1999, from patent application Serial No. 08/422,599 filed on April 14, 1995, which application was a continuation of application Serial No. 07/816,108 filed on January 2, 1992 (and that lead to the issuance of the '713 patent), with Dave White, Yen Wei Lee, Rod Ang, Ray Barbieri, James Chen and Suh Chiueh Lee as the named inventors (the "'613 patent"). Among other things, the '613 patent discloses power management systems and methods for computers. A true and correct copy of the '613 patent is attached hereto as Exhibit 2.

c. U.S. Patent No. 5,903,765 entitled "Power Management System for a Computer," was duly and legally issued on May 11, 1999, from patent application Serial No. 08/825,663 filed on April 3, 1997, which application was a division of application No. 08/422,599 (that lead to the issuance of the '613 patent), which is a continuation of application Serial No. 07/816,108 filed on January 2, 1992 (that lead to issuance of the '713 patent), with Dave White, Yen Wei Lee, Rod Ang, Ray Barbieri, James Chen and Suh Chiueh Lee as the named inventors (the "'765 patent"). Among other things, the '765 patent discloses power management systems and methods for computers. A true and correct copy of the '765 patent is attached hereto as Exhibit 3.

9.    Wistron is a co-owner of all right, title and interest in the following United States Patent (the "Wistron B Patent"), and is the owner of the sole and exclusive right to bring suit with respect to any past, present and future infringement thereof:

FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF
U.S. PATENT NOS.5,410,713; 5,870,613;  5,903,765;
AND 5,450,079

Case No. 2:08-CV-1373-MJP
K:\1156441\00012\20950_MRL\20950P20SS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

a.   U.S. Patent No. 5,450,079 entitled "Multimodal Remote Control Device Having Electronically Alterable Keypad Designations," was duly and legally issued on September 12, 1995, from patent application Serial No. 301,513 filed on September 7, 1994, which application was a continuation of Serial No. 867,652 filed on April 13, 1992, with Lester W. Dunaway as the named inventor (the "'079 patent"). Among other things, the '079 patent discloses a multimodal remote control system. A true and correct copy of the '079 patent is attached hereto as Exhibit 4.

10.   Each of the Wistron A Patents and the Wistron B Patent is valid and enforceable.

11.   No later than June 28, 2007, representatives of SEC were put on express written and oral notice of Wistron's claim that one or more of the Defendants are infringing the '613 patent. The notice provided by Wistron to SEC included, but was not limited to claim charts covering the Samsung Blackjack SGH-i607 and SGH-D307 cell phones. On information and belief, Defendants have been on notice of the balance of the Wistron Patents since approximately that time.

12.   Each of the Defendants has directly and indirectly infringed and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the Wistron A Patents by acting without authority so as to:

a.   make, have made, use, offer to sell, sell within the United States, or import into the United States computer and digital products, that embody or practice the patented inventions, or practice the patented processes in the United States in connection with these activities, including at least:

i.   Samsung SGH-D900 and SGH-D500 cell phones along with any other cell phones that embody or use the same or equivalent power

FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF
U.S. PATENT NOS.5,410,713; 5,870,613; 5,903,765;
AND 5,450,079

Case No. 2:08-CV-1373-MJP
K:\1156441\00012\20950_MRL\20950P20SS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

management units and/or start up routine technology systems or methods;

    ii.  Samsung DVD-E217, E218, E219, E317, E319, E135, E535, P213, P313, E2323 players and any other DVD players that embody or use the same or equivalent power management units and/or start up routine technology systems or methods; and

    iii.  Samsung Blu-Ray players, televisions, home theater systems, data projectors, laser printers, multi-function printers, MP3 players and UMPC's that embody or use the same or equivalent power management units and/or start up routine technology systems or methods as the specific cell phones and DVD players identified above.

  b.  contribute to or actively induce infringement of the Wistron A Patents.

13.    The foregoing products shall be referred to as the Wistron A Accused Products

14.    Each of the Defendants has directly and indirectly infringed and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the Wistron B Patent by acting without authority so as to:

  a.  make, have made, use, offer to sell, sell within the United States, or import into the United States computer and digital products, that embody or practice the patented inventions, or practice the patented processes in the United States in connection with these activities, including at least:

    i.  Samsung BN59-00700A remote control, when used in conjunction with Samsung LN46A860, LN52A860, LN52A850, LN46A850, LN55A950, and LN46A950 LCD TVs, and any other remote controls and/or televisions that embody or use the same or equivalent multimodal remote control systems or methods;

FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF
U.S. PATENT NOS.5,410,713; 5,870,613;  5,903,765;
AND 5,450,079

Case No. 2:08-CV-1373-MJP
K:\1156441\00012\20950_MRL\20950P20SS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    15.    The foregoing products shall be referred to as the Wistron B Accused Products.

2    16.    The above-described acts of infringement committed by Defendants have

3    caused injury and damage to Wistron, and will continue to cause additional severe and

4    irreparable injury and damages unless Defendants are enjoined from further infringing all of

5    the foregoing Wistron Patents.

6

7                              **FIRST CLAIM FOR RELIEF**

8                      **Infringement of U.S. Patent No. 5,410,713**

9    17.    Wistron alleges, and incorporates by reference, the allegations of paragraphs 1

10   through 16 above.

11   18.    Defendants have directly, indirectly, contributorily, and/or by inducement

12   infringed one or more claims of the '713 patent, literally, and/or under the doctrine of

13   equivalents as proscribed by 35 U.S.C. § 271.  The accused products include the Wistron A

14   Accused Products identified above.

15   19.    As a consequence of Defendants' infringement, Wistron is entitled to recover

16   damages adequate to compensate it for the injuries complained of herein, but in no event less

17   than a reasonable royalty.  Wistron is further entitled to have Defendants enjoined from

18   committing additional future acts of infringement that would subject Wistron to irreparable

19   harm.

20                             **SECOND CLAIM FOR RELIEF**

21                     **Infringement of U.S. Patent No. 5,870,613**

22   20.    Wistron alleges, and incorporates by reference, the allegations of paragraphs 1

23   through 19 above.

24   21.    Defendants have directly, indirectly, contributorily, and/or by inducement

25   infringed one or more claims of the '613 patent, literally, and/or under the doctrine of

26

FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF
U.S. PATENT NOS.5,410,713; 5,870,613; 5,903,765;
AND 5,450,079

Case No. 2:08-CV-1373-MJP
K:\1156441\00012\20950_MRL\20950P20SS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    equivalents as proscribed by 35 U.S.C. § 271. The accused products include the Wistron A
2    Accused Products identified above.

3        22.    As a consequence of Defendants' infringement, Wistron is entitled to recover
4    damages adequate to compensate it for the injuries complained of herein, but in no event less
5    than a reasonable royalty. Wistron is further entitled to have Defendants enjoined from
6    committing additional future acts of infringement that would subject Wistron to irreparable
7    harm.

8    <center>**THIRD CLAIM FOR RELIEF**</center>

9    <center>**Infringement of U.S. Patent No. 5,903,765**</center>

10        23.    Wistron alleges, and incorporates by reference, the allegations of paragraphs 1
11    through 22, above.

12        24.    Defendants have directly, indirectly, contributorily, and/or by inducement
13    infringed one or more claims of the '765 patent, literally, and/or under the doctrine of
14    equivalents as proscribed by 35 U.S.C. § 271. The accused products include the Wistron A
15    Accused Products identified above.

16        25.    As a consequence of Defendants' infringement, Wistron is entitled to recover
17    damages adequate to compensate it for the injuries complained of herein, but in no event less
18    than a reasonable royalty. Wistron is further entitled to have Defendants enjoined from
19    committing additional future acts of infringement that would subject Wistron to irreparable
20    harm.

21    <center>**FOURTH CLAIM FOR RELIEF**</center>

22    <center>**Infringement of U.S. Patent No. 5,450,079**</center>

23        26.    Wistron alleges, and incorporates by reference, the allegations of paragraphs 1
24    through 25 above.

25

26

FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF
U.S. PATENT NOS.5,410,713; 5,870,613; 5,903,765;
AND 5,450,079

Case No. 2:08-CV-1373-MJP
K:\1156441\00012\20950_MRL\20950P20SS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

27.    Defendants have directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the '079 patent, literally, and/or under the doctrine of equivalents as proscribed by 35 U.S.C. § 271. The accused products include the Wistron B Accused Products identified above.

28.    As a consequence of Defendants' infringement, Wistron is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. Wistron is further entitled to have Defendants enjoined from committing additional future acts of infringement that would subject Wistron to irreparable harm.

<div align="center">

**FIFTH CLAIM FOR RELIEF**

**Willful Infringement**

</div>

29.    Wistron alleges and incorporates by reference, the allegations of paragraphs 1 through 28 above.

30.    As set forth above, since no later than June 28, 2007, representatives of SEC were notified of several of Wistron's infringement claims under the '613 patent.

31.    On the face of the '613 patent is a reference to the fact that the underlying application for said patent was a continuation of the January 2, 1992 application that ultimately issued as the '713 patent. See Exhibit 2.

32.    Defendants' representatives should have conducted an analysis of the '613 and '713 patents in response to having been put on notice of the '613 patent, and therefore did discover or should have discovered the existence of the '765 patent.

33.    Defendants' failure to obtain a license to the Wistron Patents and/or failure to cease their infringing activities was objectively reckless and constitutes willful infringement of the Wistron Patents for purposes of 35 U.S.C. §§ 284 and 285.

FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF
U.S. PATENT NOS.5,410,713; 5,870,613; 5,903,765;
AND 5,450,079

Case No. 2:08-CV-1373-MJP
K:\1156441\00012\20950_MRL\20950P20SS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**PRAYER FOR RELIEF**

WHEREFORE, Wistron prays for relief as follows:

1.      Entry of a judgment declaring that each of the Defendants has infringed one or more claims of the Wistron A Patents;

2.      Entry of a judgment declaring that each of the Defendants has infringed one or more claims of the Wistron B Patent;

3.      Entry of a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining each of the Defendants, and their respective agents, servants, officers, directors, employees and all other persons acting in concert with them, directly and indirectly, from any further acts of infringement, contributory infringement, or inducement of infringement of the Wistron A Patents;

4.      Entry of a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining each of the Defendants, and their respective agents, servants, officers, directors, employees and all other persons acting in concert with them, directly and indirectly, from any further acts of infringement, contributory infringement, or inducement of infringement of the Wistron B Patent;

5.      Entry of a judgment pursuant to 35 U.S.C. § 284 awarding to Wistron damages to compensate for Defendants' infringements in an amount to be determined at trial (and, if necessary, related accountings), but not less than a reasonable royalty;

6.      Entry of a judgment pursuant to 35 U.S.C. § 284 trebling the damages awarded to Wistron to the extent one or more of the Defendants' infringement has been willful;

7.      Entry of a judgment pursuant to 35 U.S.C. § 285 declaring that this is an exceptional case, and awarding Wistron its costs of suit, including reasonable attorney's fees;

8.      Entry of a judgment awarding Wistron pre-and post-judgment interest in accordance with the rates allowed by law; and

FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF
U.S. PATENT NOS.5,410,713; 5,870,613;  5,903,765;
AND 5,450,079

Case No. 2:08-CV-1373-MJP
K:\1156441\00012\20950_MRL\20950P20SS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    9.    Any such other and further relief as the Court deems just and proper.

2

3

4    DATED:  October 1, 2008.

5                                        By /s/ Douglas B. Greenswag

6                                            Douglas B. Greenswag, WSBA # 37506
                                            Cristofer I. Leffler, WSBA # 35020
7                                            Martha Rodriguez-Lopez, WSBA # 35466
                                            Christopher Schenck, WSBA # 37997
8                                        K&L Gates LLP
                                        925 Fourth Avenue, Suite 2900
9                                        Seattle, WA 98104-1158
                                        Telephone: (206) 623-7580
10                                       Facsimile: (206) 623-7022
                                        E-Mail: douglas.greenswag@klgates.com
11

12
                                        Minh-Hien Nguyen
13                                       K&L Gates LLP
                                        111 Congress Avenue, Suite 900
14                                       Austin, TX 78701
                                        (512) 482-6800
15

16                                       **Attorneys for Plaintiff**
                                        **Wistron Corporation**
17

18

19

20

21

22

23

24

25

26

FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF
U.S. PATENT NOS.5,410,713; 5,870,613;  5,903,765;
AND 5,450,079

Case No. 2:08-CV-1373-MJP
K:\1156441\00012\20950_MRL\20950P20SS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

## JURY TRIAL DEMANDED

2
        Wistron requests a trial by jury on each cause of action for which a trial by jury is
proper.

3

4
DATED:  October 1, 2008.

5
                                        By   /s/ Douglas B. Greenswag
                                           Douglas B. Greenswag, WSBA # 37506
6
                                           K&L Gates LLP
                                           925 Fourth Avenue, Suite 2900
7
                                           Seattle, WA 98104-1158
                                           Telephone: (206) 623-7580
8
                                           Facsimile: (206) 623-7022
                                           E-Mail: douglas.greenswag@klgates.com
9

10
                                           **Attorneys for Plaintiff**
                                           **Wistron Corporation**
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF
U.S. PATENT NOS.5,410,713; 5,870,613;  5,903,765;
AND 5,450,079

Case No. 2:08-CV-1373-MJP
K:\1156441\00012\20950_MRL\20950P20SS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

<u>CERTIFICATE OF SERVICE</u>

2

3      I hereby certify that on the 1st day of October 2008, I electronically filed the foregoing

4  with the Clerk of the Court using CM/ECF system and I caused to be served a true and correct

5  copy of the foregoing by mailing via U.S. Mail to:

6      Samsung Electronics America, Inc.
       CT Corporation System, Registered Agent
7      1801 West Bay Dr NW, Suite 206
       Olympia, WA 98502
8

9      Samsung Electronics Co., Ltd.
       Attn: Bryan Hopkins, General Counsel
10     105 Challenger Road
       Ridgefield Park, NJ 07660
11

12     Samsung Telecommunications America, LLC
       Corporation Service Company, Registered Agent
       2711 Centerville Road, Suite 400
13     Wilmington, DE 19808

14

15
                              /s/ Judy Goldfarb
16                            Judy Goldfarb, Legal Assistant

17

18

19

20

21

22

23

24

25

26

FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF
U.S. PATENT NOS.5,410,713; 5,870,613; 5,903,765;
AND 5,450,079

Case No. 2:08-CV-1373-MJP
K:\1156441\00012\20950_MRL\20950P20SS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022