The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE No. C08-1373-MJP<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>**JURY DEMAND** |
| SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC a Delaware limited liability company,<br><br>    Counterclaimants,<br><br>    v.<br><br>WISTRON CORPORATION, a Taiwan corporation,<br><br>    Counterclaim-defendant. | |

Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA") and Samsung Telecommunications America, LLC ("STA") (collectively, "Defendants"), respond to the First Amended Complaint (the "Complaint") filed by Wistron Corporation ("Wistron") as follows:

**PARTIES**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore deny the same.

2. Defendants admit that SEC is a corporation organized under the laws of the Republic of Korea that had a principal place of business at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, 100-742, South Korea. Defendants admit that SEC manufactures and sells electronic products, including cell phones, video playback equipment such as VCRs and DVD players, set top boxes and computers. Except as so admitted, Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit that SEA is a corporation organized under the laws of the state of New York with its principal place of business at 105 Challenger Road, Ridgefield Park, NJ 07660. Defendants admit that SEA was founded in 1977 as a subsidiary of SEC, and that SEA markets and sells consumer electronic products, including video playback equipment, TVs and set top boxes. Except as so admitted, Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit that STA is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75091. Defendants admit that STA was established in 1996, and that STA markets and sells communication devices in the United States, including cell phones. Except as so admitted, Defendants deny the allegations contained in paragraph 4 of the Complaint.

/////

## JURISDICTION

5. Defendants admit that this is an action for patent infringement and that subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

6. Defendants admit that they conduct business within the State of Washington and within this judicial district, but deny the remaining allegations contained in paragraph 6 of the Complaint.

## VENUE

7. Defendants admit that venue in this judicial district is proper under the provisions of 28 U.S.C. §§ 1391(b) and (c) and 1400 (b), but deny the remaining allegations contained in paragraph 7 of the Complaint.

## FACTUAL BACKGROUND

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore deny the same.

   a. Defendants admit that a copy of what purports to be United States Patent No. 5,410,713 ("the '713 Patent") is attached as Exhibit 1 to Wistron's Complaint, and that this copy, on its face, is titled "Power Management System For a Computer," and identifies specified persons as inventors and includes an issuance date of April 25, 1995. Except as so admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8(a) of the Complaint, and therefore deny the same.

   b. Defendants admit that a copy of what purports to be United States Patent No. 5,870,613 ("the '613 Patent") is attached as Exhibit 2 to Wistron's Complaint, and that this copy, on its face, is titled "Power Management System For a Computer," and identifies specified persons as inventors and includes an issuance date of February 9, 1999. Except as so admitted, Defendants are without knowledge or information sufficient to form a belief as to the

DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS
C08-1373-MJP –3

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1  truth of the remaining allegations contained in paragraph 8(b) of the Complaint, and therefore
2  deny the same.

3        c.      Defendants admit that a copy of what purports to be United States Patent
4  No. 5,903,765 ("the '765 Patent") is attached as Exhibit 3 to Wistron's Complaint, and that this
5  copy, on its face, is titled "Power Management System For a Computer," identifies specified
6  persons as inventors and includes an issuance date of May 11, 1999. Except as so admitted,
7  Defendants are without knowledge or information sufficient to form a belief as to the truth of
8  the remaining allegations contained in paragraph 8(c) of the Complaint, and therefore deny the
9  same.

10      9.      Defendants are without knowledge or information sufficient to form a belief as
11  to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore deny the
12  same.

13        a.      Defendants admit that a copy of what purports to be United States Patent
14  No. 5,450,079 (the "'079 Patent") is attached as Exhibit 4 to Wistron's Complaint, and that this
15  copy, on its face, identifies a specified person as the inventor and includes an issuance date of
16  September 12, 1995. Defendants deny that the '079 Patent is titled "Multimodal Remote
17  Control Device Having Electronically Alterable Keypad Designations" as alleged in the First
18  Amended Complaint because Exhibit 4, on its face, is titled "Multimodal Remote Control
19  Device Having Electrically Alterable Keypad Designations." Except as admitted, Defendants
20  are without knowledge or information sufficient to form a belief as to the truth of the remaining
21  allegations contained in paragraph 9(a) of the Complaint, and therefore deny the same.

22      10.      Defendants deny the allegations contained in paragraph 10 of the Complaint.

23      11.      SEC denies the allegations contained in paragraph 11 of the Complaint. SEA
24  and STA are without knowledge or information sufficient to form a belief as to the truth of the
25  allegations set forth in paragraph 11 of the Complaint, and therefore deny the same.

26      12.      Defendants deny the allegations contained in paragraph 12 of the Complaint.

DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS
C08-1373-MJP –4

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1         a.    Defendants deny the allegations contained in paragraph 12(a) of the
2 Complaint.

3             i.    Defendants deny the allegations contained in paragraph 12(a)(i)
4 of the Complaint.

5             ii.    Defendants deny the allegations contained in paragraph 12(a)(ii)
6 of the Complaint.

7             iii.    Defendants deny the allegations contained in paragraph 12(a)(iii)
8 of the Complaint.

9         b.    Defendants deny the allegations contained in paragraph 12(b) of the
10 Complaint.

11     13.    Defendants admit that the Complaint refers to certain products as the "Wistron
12 A Accused Products." Except as so admitted, Defendants deny any remaining allegations
13 contained in paragraph 13 of the Complaint.

14     14.    Defendants deny the allegations contained in paragraph 14 of the Complaint.

15         a.    Defendants deny the allegations contained in paragraph 14(a) of the
16 Complaint.

17             i.    Defendants deny the allegations contained in paragraph 14(a)(i)
18 of the Complaint.

19     15.    Defendants admit the Complaint refers to certain products as the "Wistron B
20 Accused Products." Except as so admitted, Defendants deny any remaining allegations
21 contained in paragraph 15 of the Complaint.

22     16.    Defendants deny the allegations contained in paragraph 16 of the Complaint.

23 **FIRST CLAIM FOR RELIEF**

24 **Infringement of U.S. Patent No. 5,410,713**

25     17.    Defendants incorporate their answers to paragraphs 1-16 as if fully set forth
26 herein.

DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS
C08-1373-MJP –5

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

1    18.    Defendants deny the allegations contained in paragraph 18 of the Complaint.

2    19.    Defendants deny the allegations contained in paragraph 19 of the Complaint.

### SECOND CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 5,870,613

5    20.    Defendants incorporate their answers to paragraphs 1-19 as if fully set forth herein.

7    21.    Defendants deny the allegations contained in paragraph 21 of the Complaint.

8    22.    Defendants deny the allegations contained in paragraph 22 of the Complaint.

### THIRD CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 5,903,765

11    23.    Defendants incorporate their answers to paragraphs 1-22 as if fully set forth herein.

13    24.    Defendants deny the allegations contained in paragraph 24 of the Complaint.

14    25.    Defendants deny the allegations contained in paragraph 25 of the Complaint.

### FOURTH CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 5,450,079

17    26.    Defendants incorporate their answers to paragraphs 1-25 as if fully set forth herein.

19    27.    Defendants deny the allegations contained in paragraph 27 of the Complaint.

20    28.    Defendants deny the allegations contained in paragraph 28 of the Complaint.

### FIFTH CLAIM FOR RELIEF

### Willful Infringement

23    29.    Defendants incorporate their answers to paragraphs 1-28 as if fully set forth herein.

25    30.    Defendants deny the allegations contained in paragraph 30 of the Complaint.

26    31.    Defendants deny the allegations contained in paragraph 31 of the Complaint.

DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS
C08-1373-MJP –6

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

## GENERAL DENIAL

34. Defendants deny any allegation in the Complaint not specifically admitted in Defendants' responsive pleading above.

## PRAYER FOR RELIEF

35. Defendants deny that Wistron is entitled to any of the relief sought in the Prayer For Relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

36. Defendants assert the following affirmative and other defenses to Wistron's Complaint and reserve the right to amend their Answer to assert other affirmative defenses as additional information becomes available.

### First Defense:  Noninfringement

37. Defendants have not infringed and do not infringe, whether directly, contributorily, or by inducement, any claim of the '765 Patent, the '613 Patent, the '713 Patent, or the '079 Patent (collectively and individually, the "Wistron Asserted Patents"), either literally or under the doctrine of equivalents, whether willfully or otherwise.

### Second Defense:  Invalidity

38. The Wistron Asserted Patents are invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 132, and/or under the doctrine of obviousness-type double patenting.

### Third Defense:  License, Implied License and/or Patent Exhaustion

39. Wistron's claims for relief are barred in whole or in part pursuant to the doctrines of express license, patent exhaustion and/or implied license.

/////

### Fourth Defense: Prosecution History Estoppel

40. Wistron is precluded under the doctrine of prosecution history estoppel from asserting any construction of any of the claims of the Wistron Asserted Patents to cover any product manufactured, used, imported, sold, or offered for sale by any of the Defendants.

### Fifth Defense: Laches, Waiver, and Estoppel

41. The Wistron Asserted Patents are unenforceable under the doctrines of laches, waiver, and/or estoppel.

### Sixth Defense: Failure to Mark/Limitation on Damages

42. Upon information and belief, Wistron has not marked any devices that embody any of the purported claims of the Wistron Asserted Patents with proper notice of such patents, as required by 35 U.S.C. § 287, such that Wistron is not entitled to any pre-filing damages pursuant to that provision.  Wistron is barred under 35 U.S.C. § 287 from recovering any damages for any alleged infringement of the Wistron Asserted Patents that occurred prior to the filing of Wistron's Complaint for Patent Infringement, or for which Wistron has not provided Defendants proper notice of its infringement allegations.

### Seventh Defense: Unclean Hands

43. Wistron is barred under the doctrine of unclean hands from obtaining any relief or recovery against Defendants.

### Eighth Defense: Limitation on Damages

44. Wistron's recovery for alleged infringement of any of the Wistron Asserted Patents, if any, is limited pursuant to 35 U.S.C. § 286.

### Ninth Defense: Limitation on Remedies

45. Wistron's claims for monetary relief are limited to, if anything, a reasonable and non-discriminatory royalty.  Some or all of Wistron's claims are not entitled to injunctive relief.

### Tenth Defense: 28 U.S.C. § 1498(a)

46. Wistron's remedies are limited by 28 U.S.C. § 1498(a).

DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS
C08-1373-MJP –8

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

**Eleventh Defense: Lack of Standing**

47. Some or all of Wistron's claims are barred because Wistron lacks standing to assert such claims.

**Twelfth Defense: Joinder**

48. Some or all of Wistron's claims are barred because Wistron failed to join all necessary and/or indispensable parties.

**Thirteenth Defense: Reservation of Additional Defenses**

49. Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

## DEFENDANTS' COUNTERCLAIMS

### JURISDICTION

50. This is, in part, a declaratory relief action pursuant to 28 U.S.C. §§ 2201 and 2202 to resolve an actual controversy between Counterclaimants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA") and Samsung Telecommunications America, LLC ("STA") (collectively, "Defendants") and Counterclaim-defendant Wistron Corporation ("Wistron").

51. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and pursuant to the patent laws of the United States of America, 35 U.S.C. § 100, *et seq.*

### VENUE

52. Venue properly lies within the Western District of Washington pursuant to the provisions of 28 U.S.C. §§ 1391 (b), (c), (d) and/or 1400(b).

/////

/////

/////

DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS
C08-1373-MJP –9

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

## THE PARTIES

53. SEC is a corporation organized under the laws of the Republic of Korea with its principal place of business at Samsung Electronics Building, 1320-10 Seocho 2-dong , Seocho-gu, Seoul 137-857, Korea.

54. SEA is a corporation organized under the laws of the state of New York with its principal place of business at 105 Challenger Road, Ridgefield Park, NJ 07660.

55. STA is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75091.

56. On information and belief, Wistron is a corporation organized and existing under the laws of Taiwan with a principal place of business at Hsichih, Taiwan, R.O.C.

## FACTUAL ALLEGATIONS

57. On or about September 12, 2008, Wistron filed its initial Complaint in this judicial district against Defendants alleging infringement of U.S. Patent No. 5,410,713 ("the '713 Patent"). The '713 Patent is titled "Power Management System For a Computer." Defendants deny infringement, either literally or under the doctrine of equivalents, and assert that the '713 Patent is invalid.

58. On or about September 12, 2008, Wistron filed its initial Complaint in this judicial district against Defendants alleging infringement of U.S. Patent No. 5,870,613 ("the '613 Patent"). The '613 Patent is titled "Power Management System For a Computer." Defendants deny infringement, either literally or under the doctrine of equivalents, and assert that the '613 Patent is invalid.

59. On or about September 12, 2008, Wistron filed its initial Complaint in this judicial district against Defendants alleging infringement of U.S. Patent No. 5,903,765 ("the '765 Patent"). The '765 Patent is titled "Power Management System For a Computer."

/////

1  Defendants deny infringement, either literally or under the doctrine of equivalents, and assert
2  that the '765 Patent is invalid.
3    60. On or about October 1, 2008, Wistron filed its First Amended Complaint in this
4  judicial district against Defendants alleging infringement of U.S. Patent No. 5,450,079 ("the
5  '079 Patent"). The '079 Patent is titled "Multimodal Remote Control Device Having
6  Electrically Alterable Keypad Designations." Defendants deny infringement, either literally or
7  under the doctrine of equivalents, and assert that the '079 Patent is invalid.
8    61. A judicial declaration is necessary and appropriate at this time to allow
9  Defendants to ascertain their rights and duties with respect to the conduct of their affairs, which
10 Wistron has alleged infringe the '713 Patent, the '613 Patent, the '765 Patent, and the '079
11 Patent, and to establish that those patents are invalid.

### FIRST COUNTERCLAIM

**(Declaration of Noninfringement – '713 Patent)**

14   62. Defendants incorporate by reference paragraphs 1-61 as if fully set forth herein.
15   63. Wistron has sued Defendants in the present action, alleging infringement of the
16 '713 Patent. Thus, an immediate, real, and justiciable controversy exists between Defendants
17 and Wistron with respect to the alleged infringement of the '713 Patent.
18   64. Defendants have not infringed, are not now infringing, and have not threatened
19 to infringe, willfully or otherwise, the '713 Patent.
20   65. Defendants have not contributed to the infringement, and are not now
21 contributing to the infringement, of the '713 Patent.
22   66. Defendants have not induced others to infringe, and are not now inducing others
23 to infringe, the '713 Patent.
24   67. Defendants request declaratory judgment that Defendants do not infringe,
25 directly or indirectly, any claim of the '713 Patent.
26 /////

DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS
C08-1373-MJP –11

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

**SECOND COUNTERCLAIM**

**(Declaration of Noninfringement – '613 Patent)**

68. Defendants incorporate by reference paragraphs 1-67 as if fully set forth herein.

69. Wistron has sued Defendants in the present action, alleging infringement of the '613 Patent. Thus, an immediate, real, and justiciable controversy exists between Defendants and Wistron with respect to the alleged infringement of the '613 Patent.

70. Defendants have not infringed, are not now infringing, and have not threatened to infringe, willfully or otherwise, the '613 Patent.

71. Defendants have not contributed to the infringement, and are not now contributing to the infringement, of the '613 Patent.

72. Defendants have not induced others to infringe, and are not now inducing others to infringe, the '613 Patent.

73. Defendants request declaratory judgment that Defendants do not infringe, directly or indirectly, any claim of the '613 Patent.

**THIRD COUNTERCLAIM**

**(Declaration of Noninfringement – '765 Patent)**

74. Defendants incorporate by reference paragraphs 1-73 as if fully set forth herein.

75. Wistron has sued Defendants in the present action, alleging infringement of the '765 Patent. Thus, an immediate, real, and justiciable controversy exists between Defendants and Wistron with respect to the alleged infringement of the '765 Patent.

76. Defendants have not infringed, are not now infringing, and have not threatened to infringe, willfully or otherwise, the '765 Patent.

77. Defendants have not contributed to the infringement, and are not now contributing to the infringement, of the '765 Patent.

78. Defendants have not induced others to infringe, and are not now inducing others to infringe, the '765 Patent.

79. Defendants request declaratory judgment that Defendants do not infringe, directly or indirectly, any claim of the '765 Patent.

### FOURTH COUNTERCLAIM

**(Declaration of Noninfringement – '079 Patent)**

80. Defendants incorporate by reference paragraphs 1-79 as if fully set forth herein.

81. Wistron has sued Defendants in the present action, alleging infringement of the '079 Patent. Thus, an immediate, real, and justiciable controversy exists between Defendants and Wistron with respect to the alleged infringement of the '079 Patent.

82. Defendants have not infringed, are not now infringing, and have not threatened to infringe, willfully or otherwise, the '079 Patent.

83. Defendants have not contributed to the infringement, and are not now contributing to the infringement, of the '079 Patent.

84. Defendants have not induced others to infringe, and are not now inducing others to infringe, the '079 Patent.

85. Defendants request declaratory judgment that Defendants do not infringe, directly or indirectly, any claim of the '079 Patent.

### FIFTH COUNTERCLAIM

**(Declaration of Invalidity – '713 Patent)**

86. Defendants incorporate by reference paragraphs 1-85 as if fully set forth herein.

87. An immediate, real, and justiciable controversy exists between Defendants and Wistron with respect to the invalidity of the '713 Patent.

88. The claims of the '713 Patent are invalid under the laws of the United States, including but not limited to, the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 132, and/or under the doctrine of obviousness-type double patenting.

89. Defendants request declaratory judgment that the claims of the '713 Patent are invalid.

DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS
C08-1373-MJP –13

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

**SIXTH COUNTERCLAIM**

**(Declaration of Invalidity – '613 Patent)**

90. Defendants incorporate by reference paragraphs 1-89 as if fully set forth herein.

91. An immediate, real, and justiciable controversy exists between Defendants and Wistron with respect to the invalidity of the '613 Patent.

92. The claims of the '613 Patent are invalid under the laws of the United States, including but not limited to, the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 132, and/or under the doctrine of obviousness-type double patenting.

93. Defendants request declaratory judgment that the claims of the '613 Patent are invalid.

**SEVENTH COUNTERCLAIM**

**(Declaration of Invalidity – '765 Patent)**

94. Defendants incorporate by reference paragraphs 1-93 as if fully set forth herein.

95. An immediate, real, and justiciable controversy exists between Defendants and Wistron with respect to the invalidity of the '765 Patent.

96. The claims of the '765 Patent are invalid under the laws of the United States, including but not limited to, the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 132, and/or under the doctrine of obviousness-type double patenting.

97. Defendants request declaratory judgment that the claims of the '765 Patent are invalid.

**EIGHTH COUNTERCLAIM**

**(Declaration of Invalidity – '079 Patent)**

98. Defendants incorporate by reference paragraphs 1-97 as if fully set forth herein.

99. An immediate, real, and justiciable controversy exists between Defendants and Wistron with respect to the invalidity of the '079 Patent.

DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS
C08-1373-MJP –14

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

1    100.    The claims of the '079 Patent are invalid under the laws of the United States, including but not limited to, the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 132, and/or under the doctrine of obviousness-type double patenting.

101.    Defendants request declaratory judgment that the claims of the '079 Patent are invalid.

## PRAYER FOR RELIEF

Defendants and Counterclaimants SEC, SEA, and STA respectfully request that the Court enter judgment in their favor and against Plaintiff and Counterclaim-defendant Wistron, and that the Court grant Defendants at least the following forms of relief:

a.    That Wistron's Complaint be dismissed with prejudice;

b.    That declaratory judgment be entered that the claims of the '713 Patent are not infringed by Defendants;

c.    That declaratory judgment be entered that the claims of the '713 Patent are invalid;

d.    That declaratory judgment be entered that the claims of the '613 Patent are not infringed by Defendants;

e.    That declaratory judgment be entered that the claims of the '613 Patent are invalid;

f.    That declaratory judgment be entered that the claims of the '765 Patent are not infringed by Defendants;

g.    That declaratory judgment be entered that the claims of the '765 Patent are invalid;

h.    That declaratory judgment be entered that the claims of the '079 Patent are not infringed by Defendants;

i.    That declaratory judgment be entered that the claims of the '079 Patent are invalid;

DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS
C08-1373-MJP –15

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

j.  A declaration that this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees to Defendants;

k.  An award of costs under 35 U.S.C.§ 285; and

l.  All such other and further relief as the Court deems appropriate under law, based on the facts complained of herein, and as determined by the Court.

Dated this 22nd day of January, 2009.

/s/  *Richard T. Mulloy*
Richard T. Mulloy, CA Bar No. 199278
Robert Williams, CA Bar No. 246990
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Phone: 619-699-2700
Fax: 619-6990-2701
E-mail:  richard.mulloy@dlapiper.com
             robert.williams@dlapiper.com

Stellman Keehnel, WSBA No. 9309
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044
Telephone:  206.839.4800
Fax:  206.839.4801
E-mail:  stellman.keehnel@dlapiper.com

Mark D. Fowler, CA Bar No. 124235
Elizabeth Day, CA Bar No. 177125
David L. Alberti, CA Bar No. 220625
Sal Lim, CA Bar No. 211836
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2215
Phone: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendants
Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc. and
Samsung Telecommunications America, LLC

DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS
C08-1373-MJP –16

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

**JURY DEMAND**

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC hereby demand a trial by jury on all issues triable of right by a jury.

Dated this 22nd day of January, 2009.

/s/ Richard T. Mulloy
Richard T. Mulloy, CA Bar No. 199278
Robert Williams, CA Bar No. 246990
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Phone: 619-699-2700
Fax: 619-6990-2701
E-mail: richard.mulloy@dlapiper.com
robert.williams@dlapiper.com

Stellman Keehnel, WSBA No. 9309
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044
Telephone: 206.839.4800
Fax: 206.839.4801
E-mail: stellman.keehnel@dlapiper.com

Mark D. Fowler, CA Bar No. 124235
Elizabeth Day, CA Bar No. 177125
David L. Alberti, CA Bar No. 220625
Sal Lim, CA Bar No. 211836
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2215
Phone: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendants
Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc. and
Samsung Telecommunications America, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2009, I electronically filed the foregoing Defendants' Answer to First Amended Complaint and Counterclaims with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Douglas B. Greenswag
Martha Rodriguez-Lopez
Christopher Schenck
Cristofer I. Leffler
Howard Chen
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104-1158
Tel:  (206) 623-7580
Fax:  (206) 623-7022

Attorneys for Plaintiff Wistron Corporation

Dated this 22nd day of January, 2009.

s/ *Richard T. Mulloy*
Richard T. Mulloy

WEST\21646286.1